IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Romenion Lamont Elder,

      Plaintiff,                             No. CIV S 03-0583 FCD PAN P

    vs.

T. L. Rosenkrans, et al.,

      Defendants.                    <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

        The case proceeds on the September 29, 2003, amended complaint against defendants Rosenkrans, Sebern, Macari, Siebert and Fortson.

        Plaintiff claims defendants violated his federal due process guarantee in their involvement with a prison decision to place and retain him in segregated housing as an "associate" of the Black Guerilla Family prison gang, for an indeterminate term. Plaintiff seeks damages and declaratory and injunctive relief, including release back into the general prison population.

        Presently before the court is defendants' supplemental motion for summary judgment.

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On October 16, 2003, the court advised plaintiff of the requirements for opposing

a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

PRIOR PROCEEDINGS

On March 31, 2005, the court denied prior cross-motions for summary judgment, adopting in full findings and recommendations issued on March 4, 2005.

The findings and recommendations, which the district court adopted over plaintiff's objections, set forth undisputed facts and a statement of governing law. The undersigned incorporates those facts and statement of governing law, and need not repeat them herein. The findings and recommendations concluded that summary judgment for plaintiff was precluded because the record suggested defendants did not "personally participate" in any decision to segregate plaintiff or continue his segregation. The court noted that summary judgment for defendants on that ground was then unavailable, because they had not yet met their moving burden on the issue. At the same time, the court informed plaintiff that he might be able to solve the problem by seeking leave to amend his pleading to name actual decision-makers in the validation and review process.

Plaintiff did not take up the invitation. Defendants filed a supplemental motion for summary judgment April 13, 2005, and plaintiff filed an opposition April 25, 2005, and a supplemental opposition May 2, 2005.

ANALYSIS

In their present motion, defendants submit evidence that while each of them was involved in investigating plaintiff's status as a gang member and/or preparing documents supporting that conclusion, none of them participated in the decision to "validate" plaintiff as a gang member or associate, continue that validation upon periodic review, or place plaintiff in segregated housing. The only further role played by any defendant was Fortson's response to an plaintiff's appeal requesting that certain gang-related drawings be returned to him. Plaintiff

offers nothing in opposing summary judgment to show any defendant was a decision-maker who might have violated his due process rights in connection his segregated classification.

Liability under the civil rights statute lies only against persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Here, it was the officers who made and extended plaintiff's gang validation and the decision to segregate him, not defendants, who allegedly violated his constitutional right to due process. Defendants Rosenkrans, Sebern, Macari, Siebert and Fortson are entitled to summary judgment.

IT IS HEREBY RECOMMENDED that defendants' April 13, 2005, motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2, 2006.

UNITED STATES MAGISTRATE JUDGE

7
elde0583.fr sj